Keith D. Karnes, OSB # 03352
kkarnes@olsendaines.com
Olsen, Olsen & Daines, LLC
1599 State St.
P.O. Box 12829
Salem, OR  97309-0829
Telephone (503) 362-9393
Fax (503) 362-1375

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| KIMBERLY BROWN,<br><br>     Plaintiff,<br>  v.<br><br>CREDITORS FINANCIAL GROUP, LLC<br>     Defendant. | Case No.<br><br>COMPLAINT FOR VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT; OREGON UNLAWFUL DEBT COLLECTION PRACTICES ACT; INVASION OF PRIVACY<br><br>JURY REQUESTED |

JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. §1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Oregon Unlawful Debt Collection Practices Act ("UDCPA") ORS 646.639 *et seq*, as well as other state law tort claims.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

PARTIES

4.     Plaintiff Kimberly Brown is a natural person who resides in the City of Independence, County of Polk, State of Oregon, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.     Defendant Creditors Financial Group, LLC. (hereinafter "Creditors") is a collection agency operating from an address of 3131 South Vaughn Way Ste 110, Aurora, CO 80014 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

FACTUAL ALLEGATIONS

6.  In April 2007 Defendant began attempting to collect a debt ("the debt") that Defendant alleged to be owed by Plaintiff to Chase Bank, USA NA.

7.  Plaintiff used the Chase Bank credit card for personal, family and household purchases.

8.  Defendant while attempting to collect from Plaintiff telephoned Plaintiff's employer and informed Plaintiff's employer that Defendant was going to "file papers" with the Polk County Court.

9.  Defendant threatened to increase the amount of the debt Plaintiff owes when Defendant filed its complaint in Polk County.

10. Defendant has repeatedly telephoned Plaintiff at her place of employment despite the fact that Plaintiff has demanded that Defendant has informed Defendant that she cannot receive collection calls at work.

11. Defendant has telephoned Plaintiff's sister, Plaintiff's brother-in-law, and mother in an attempt to collect from Plaintiff.

12.  During the time that Defendant was calling Plaintiff at work, Plaintiff's employer and Plaintiff's relatives, Defendant was also calling Plaintiff at her residence.

13. During the telephone calls Defendant would repeatedly tell the recipient of the call that Plaintiff would have a lawsuit filed if she did not make payment arrangements the next day.

14. As of June 4, 2007 Defendant has not filed a complaint against.

15. No entity has obtained a judgment against Plaintiff on behalf of Chase Bank or Defendant.

16. As a direct and proximate result of Defendant attempting to collect from Plaintiff by making threats of legal action and communicating with Plaintiff's employer and relatives, Plaintiff has suffered actual damages in the form of emotional distress, anger, frustration, depression, fear, and invasion of privacy, among other negative emotions.

## TRIAL BY JURY

17. Plaintiff is entitled to and hereby respectfully demands a trial by jury.  US Const. amend. 7.  Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

15 U.S.C. § 1692 *et seq*.

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, 15 U.S.C. § 1692b(1), 1692b(2), 1692b(3), 1692c(a)(1), 1692c(a)(3), 1692c(b),1692d, 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(10), and 1692f.

20. As a result of Defendant's violations of the FDCPA, Plaintiff has suffered actual damages and is therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II.

### VIOLATIONS OF THE UNLAWFUL DEBT COLLECTION PRACTICES ACT

### ORS 646.639 *et seq*

21. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

22. The foregoing acts of Defendant constitute a willful violation of the UDCPA, including but not limited to ORS 646.639(2)(c), (e), (f), (g), and (k).

23. As a result of Defendant's violations of the UDCPA, Plaintiff has suffered actual damages and is therefore entitled to actual damages pursuant to ORS 646.641; statutory damages pursuant to ORS 646.641; and, reasonable attorney's fees and costs pursuant to ORS 646.641from Defendant.

## COUNT III

### INVASION OF PRIVACY

24. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

25. Defendants intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff.

26. Defendants intentionally caused harm to Plaintiff's emotional well being by engaging

in highly offensive conduct in the course of collecting a debt.

27. Plaintiffs had a reasonable expectation of privacy in Plaintiffs' solitude, seclusion, and or private concerns or affairs.

28. The intrusion by Defendants occurred in a way that would be highly offensive to a reasonable person in that position.

29. As a result of such invasions of privacy, Plaintiffs are entitled to actual damages and punitive damages in an amount to be determined at trial from Defendant.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

COUNT I.

VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

15 U.S.C. § 1692 *et seq*.

for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

COUNT II.

VIOLATIONS OF THE UNLAWFUL DEBT COLLECTION PRACTICES ACT

ORS 646.639 *et seq*

for an award of actual damages pursuant to ORS 646.641 against Defendant;

for an award of statutory damages pursuant to ORS 646.641 against Defendant;

for an award of punitive damages pursuant to ORS 646.641 against Defendant;

for an award of the attorney fees and the cost of litigation pursuant to ORS 646.641 against Defendant;

## COUNT III.

### INVASION OF PRIVACY

for an award of compensatory and punitive damages against Defendants for Plaintiff's damages suffered as a result of the invasion of privacy in an amount to be determined at trial; and,

for such other and further relief as may be just and proper.

DATED 06/25/07

                                            Olsen, Olsen & Daines, LLC

                                            /s/ Keith D. Karnes
                                            Keith D. Karnes, OSB # 03352
                                            Attorney for Plaintiff

VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

I, Kimberly Brown, swear under penalty of perjury that to the best of my knowledge:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

/s/ Kimberly Brown
Kimberly Brown